UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**VINCENT ZIRKER**                                                                                                   **PLAINTIFF**

v.                                                                       **CIVIL ACTION NO. 4:15CV-P113-JHM**

**GRAYSON COUNTY DETENTION CTR.**                                                   **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Vincent Zirker initiated this *pro se* action by filing a complaint on his own paper. On September 4, 2015, the Clerk's Office issued a notice of deficiency to Plaintiff directing him to pay the $400 filing fee or file an application to proceed without the prepayment of fees and a certified copy of his prison trust account statement for the six months immediately preceding the filing of this action. The deficiency notice also directed Plaintiff to file his action on the Court's 42 U.S.C. § 1983 complaint form within 30 days. Plaintiff failed to comply with any part of the deficiency notice. Therefore, on October 29, 2015, the Court entered an Order which ordered Plaintiff to tender the $400 filing fee or file an application to proceed without prepayment of fees and a certified copy of his prison trust account statement for the six months immediately preceding the filing of this action and to re-file his complaint on the Court's approved form within 30 days. The Order warned Plaintiff that failure to comply with the Order within the time allotted would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that

require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: December 16, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4414.010

2